**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
AVENTIS PHARMA S.A., et al.,    :    CIVIL ACTION NO. 06-3671 (MLC)
                                :
      Plaintiffs,               :    MEMORANDUM OPINION
                                :
      v.                        :
                                :
SANDOZ INC.,                    :
                                :
      Defendant.                :
_____ :
```

**COOPER, District Judge**

Plaintiffs, Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. (collectively "Aventis"), move to voluntarily dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2), or in the alternative, to transfer the action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) ("Section 1404"). (Dkt. entry no. 17.)  The defendant, Sandoz Inc. ("Sandoz"), cross-moves to dismiss the action and for costs and attorneys fees.  (Dkt. entry no. 18.)  For the reasons stated herein, the Court will (1) grant the part of the motion seeking to transfer the action to the Central District of California, (2) deny the part of the motion seeking to voluntarily dismiss the complaint pursuant to Rule 41(a)(2), and (3) deny the cross-motion.

**BACKGROUND**

Aventis develops, manufactures, and sells pharmaceutical products. (Compl., at ¶ 2.) Aventis Pharmaceuticals Inc. is incorporated in Delaware and its principal place of business is in Bridgewater, New Jersey. (Id. at ¶ 1.) Aventis Pharma S.A. is a French corporation and its principal place of business is in France. (Id.) Aventis holds the patent claiming the drug product marketed under the trade name Lovenox ("'743 patent"). (Id. at ¶ 8.) The '743 patent will expire on February 14, 2012. (Id. at ¶ A.)

Sandoz develops, manufactures, distributes, and sells generic pharmaceutical products. (Ans., at ¶ 3.) Sandoz is incorporated in Colorado and its principal place of business is in Princeton, New Jersey. (Id.) Sandoz filed with the Federal Drug Administration ("FDA") an Abbreviated New Drug Application ("ANDA") for the "commercial manufacture, use, and sale of enoxaparin sodium" in certain dosage forms. (Id. at ¶ 10.)

Aventis alleges Sandoz's submission of the ANDA to obtain FDA approval before the expiration of the '743 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A). (Compl., at ¶ 12.) Aventis seeks a judgment (1) prohibiting the approval of Sandoz's ANDA before the date of expiration of the '743 patent, and (2) enjoining Sandoz from "the commercial manufacture, offer to sell, sale, or importation of its enoxaparin sodium product." (Id. at

¶¶ A-B.)  Sandoz asserts a counterclaim seeking a judgment stating that (1) Sandoz has not infringed the '743 patent, (2) the '743 patent is invalid, and (3) the '743 patent is unenforceable because of Aventis's inequitable conduct.  (Ans., at 19.)

Aventis filed complaints raising identical claims of patent infringement against Sandoz in both the District of New Jersey and Central District of California ("California action") on August 4, 2006.  (Dkt. entry no. 1; see Central District of California Civ. Dkt. for No. 06-4858, dkt. entry no. 1.)  Sandoz filed a motion in California to strike the complaint or in the alternative to transfer the action to New Jersey.  (Id., dkt. entry no. 13.)  The Judge presiding over the California action denied the motion to transfer.  (Id., dkt. entry no. 43.)  Sandoz asserted counterclaims in the California action that are identical to the three counterclaims asserted in New Jersey, as well as additional counterclaims.  (Id., dkt. entry no. 44.)  The Judge presiding over the California action granted Sandoz leave to file a motion for summary judgment on or before April 6, 2007. (Id., dkt. entry no. 49.)

## DISCUSSION

Aventis argues that transfer of the action is appropriate because (1) the matter has already been brought in the Central District of California, and (2) the private and public interests

3

favor transfer.  (Pl. Br., at 12.)  Sandoz argues that the
complaint should instead be dismissed with prejudice and Sandoz
should be awarded costs and attorneys fees because (1) Aventis's
filing of duplicative litigation and "Judge-Shopping" should not
be condoned, and (2) the complaint is redundant and should be
stricken under Rule 12(f), and (3) transferring the action "would
be a breach of Aventis's promise to the California court to
dismiss this Complaint."  (Def. Br., at i, 13.)

## I.    Transfer Standard

Section 1404 provides "[f]or the convenience of parties and
witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where
it might have been brought."  28 U.S.C § 1404.  An action might
have been brought in another district, if (1) venue is proper in
the transferee district, and (2) the transferee district can
exercise jurisdiction over all the parties.  Shutte v. Armco
Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).  In a civil action
based on federal question jurisdiction, venue can be laid in a
judicial district (1) in which the defendants reside, if all
defendants reside in the same state, (2) where a substantial part
of the events or omissions giving rise to the claim occurred, or
(3) where any defendant may be found if there is no district in
which the action otherwise might be brought.  28 U.S.C § 1391(b).
A corporation is considered to reside in any judicial district in

4

which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).

The movant bears the burden of demonstrating that the alternative forum is more appropriate than the present one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts balance various private and public interests when deciding whether to transfer pursuant to Section 1404.  Jumara, 55 F.3d at 879.  The private interests may include plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, the possibility of a jury view of the premises, the location of books and records to the extent they may be unavailable in one forum, and whether the claim arose elsewhere.  See Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1946); Jumara, 55 F.3d at 879.  The public interests may include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law.  Jumara, 55 F.3d at 879-80.[1]

---

[1]     Plaintiffs may move to transfer venue.  See Ferens v. John Deere Co., 494 U.S. 516, 530-31 (1990) (suggesting same).

5

## II.  **Transfer as Applied to this Case**

Transfer of this action to the Central District of California is appropriate.  As a threshold issue, the Court concludes that Aventis could have brought this matter in the transferee court.  See CIBC World Markets, Inc. v. Deutsch Bank Sec., Inc., 309 F.Supp.2d 637, 644 (D.N.J. 2004).  This action was simultaneously brought in California because the Central District of California is a proper venue, and it can, and already has exercised jurisdiction over Sandoz and denied its motion to transfer the action to New Jersey.  (See dkt. entry no. 18, Ex. 5, Tr. of 11-13-06 Motion Hearing.)

"Although the Court must weigh the factors present in § 1404(a), a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and should not be lightly disturbed."  APV N. A., Inc. v. Sig Simonazzi N. A., Inc., 295 F.Supp.2d 393, 398 (D.Del. 2002).  Thus, plaintiffs' choice of forum will prevail even where the factors are evenly balanced or only weigh slightly in favor of transfer, and will only be disturbed where the "balance of convenience of the parties is strongly in favor of the defendant."  Id.  Although plaintiffs here filed complaints in both New Jersey and California, California is their preferred forum.  (See Pl. Br., at 12; dkt. entry no. 18, Ex. 5, Tr. of 11-13-06 Motion Hearing.)  The Court finds, for the reasons that

6

follow, that the balance of factors weigh in favor of transfer and therefore will defer to plaintiffs' choice of forum.

The Court concludes that judicial economy mandates transfer of the action to California.  "[T]he interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts."  Air Prod. & Chem., Inc. v. MG Nitrogen Servs., Inc., 133 F.Supp.2d 354, 357 (D. Del. 2001); see also St. Hill v. Gonzales, No. 04-4191, 2007 WL 934651, at *3 (3d Cir. Mar. 29, 2007) (transferring appeal on grounds of "judicial economy" where appeal by same plaintiff in another circuit raised "parallel issues," and other circuit had already accepted review).  Both parties admit that the California action is identical to the instant action, and is currently pending and moving forward.  (Pl. Br., at 2; Def. Br., at 2.)  The Judge overseeing the California action has denied Sandoz's motion to transfer the California action to this Court on the basis of judicial economy.  (Tr. of 11-13-06 Motion Hearing.)  Thus, consideration of judicial economy warrants transfer.

The existence of a separate earlier pending action in the Central District of California involving the same patent at issue in this action also warrants transfer on the basis of judicial economy.  The "existence of a prior related action in the transferee district is a strong factor weighing in favor of

7

transfer in the interest of judicial economy." <u>Zelenkofske</u>
<u>Axelrod Consulting, L.L.C. v. Stevenson</u>, No. 99-3508, 1999 WL
592399, at *4 (E.D.Pa. Aug. 5, 1999).  The Judge assigned to the
California action is also assigned to <u>Aventis v. Amphastar</u>
("Amphastar action"), EDCV-03-887, which involves the same patent
at issue in the instant action and the California action.
(Declaration of Agnes Antonian ("Antonian Decl."), at Exs. H&I;
Pl. Br., at 1.)  Trial occurred in the <u>Amphastar</u> action in
December of 2006.  (<u>See</u> Central District of California Civ. Dkt.
for No. 03-887, dkt. entry nos. 893-99.)  The California action
and this action involve the same patent and defense of invalidity
and unenforceability at issue in the <u>Amphastar</u> action, and
therefore the existence of this prior related action in
California also favors transfer.  (Pl. Br., at 3.)

     The Court finds the private and public interest factors
favor transfer.  The ongoing litigation of virtually identical
claims and counterclaims in California is certainly a "practical
consideration[] that could make the trial expeditious or
inexpensive." <u>Jumara</u>, 55 F.3d at 880.  The practical
considerations weighing in favor of transfer are further
indicated by the focus of the parties' arguments to this Court on
whether the complaint should be dismissed with or without
prejudice, not whether the action should be transferred to
California.

Convenience of the witnesses and parties, and the location of documentary evidence, are considerations favoring transfer. Requiring the witnesses, as well as the parties, to appear in two separate actions will not be convenient. (Pl. Br., at 13.) The similarity in issues between the Amphastar action and the current action may also avoid duplication of labor by the parties and both Courts that would arise from failing to transfer this action. (Pl. Reply Br., at 4.) Thus, these convenience factors weigh in favor of transfer.

Any interest New Jersey has in the litigation is outweighed by the interests in judicial economy outlined by the Court. Sandoz admits that it "has no intention of attempting to run around the California court's ruling by moving forward before this Court on the merits of its counterclaims" but nonetheless argues that the complaint should be dismissed with prejudice and its counterclaims stayed while the California action is proceeding. (Def. Br., at 14.) Such an argument flies in the face of the interests in judicial economy advanced by § 1404, and Sandoz's arguments that such a remedy is necessary to "safeguard Sandoz from any future procedural gamesmanship on the part of Aventis" is merely speculative.

The parties' arguments as to whether Aventis filed first in New Jersey are irrelevant to the Court's analysis because the Court has found the balance of all the interests favors transfer

9

in this case.  (See Def. Br., at 3; Pl. Reply Br., at 3.)  "The first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.  Thus, the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served."  Serco Servs. Co. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (internal cite omitted); see also Ricoh Co. LTD v. Honeywell, Inc., 817 F.Supp. 473, 487 (D.N.J. 1993) (departing from first-filed rule because the subsequent forum was more convenient, and the location of witnesses and documents).  Here, even if Sandoz was correct in arguing that Aventis filed in New Jersey first or at the same time as California, departure from the first-filed rule is appropriate because the Court's balancing of the interests favors transfer.

     There is no indication that Aventis filed the complaint in this district for any improper purpose or motive, or that it engaged in forum-shopping.  Any assertions by Sandoz to the contrary are mere conjecture and not supported by the record.  The Court finds Aventis's explanation that it filed a virtually identical complaint in New Jersey after filing in California "in case Sandoz contested in personam jurisdiction in California and to preserve its rights to a 30-month stay of FDA approval of

Sandoz's application" sufficiently refutes any allegation of judge or forum shopping by Sandoz.  Accordingly, transfer, rather than dismissal, will expedite the resolution of Aventis's claims by eliminating the confusion and delays associated with having two identical actions litigated in California and New Jersey.[2]

### CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the part of the motion seeking transfer of the action to the Central District of California.  The remaining matters are all denied without prejudice.  The Court will issue an appropriate order and judgment.

<u>    s/ Mary L. Cooper        </u>
**MARY L. COOPER**
United States District Judge

---

[2]      Dismissal of the complaint without prejudice pursuant to Rule 41(a)(2), requested by plaintiffs, is also not an available remedy because the Court here will not independently adjudicate defendant's counterclaims.  <u>See</u> Fed.R.Civ.P. 41(a)(2) ("an action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court").

11